UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case No.  21-cv-03795-DMR<br><br>**ORDER TO SHOW CAUSE AND VACATING HEARING**<br><br>Re: Dkt. Nos. 5, 19 |

　　　　Plaintiff Keyhan Mohanna, representing himself, filed this case on May 20, 2021, alleging claims for wrongful foreclosure, violations of California Commercial Code § 3302 *et seq.*, and quiet title against Defendants Wells Fargo Bank, N.A. and Dukes Partners II, LLC.  [Docket No. 1 ("Compl.").]

　　　　Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  A federal court may exercise either federal question jurisdiction or diversity jurisdiction.  Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States.  By contrast, a district court has diversity jurisdiction over state law matters where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332.  Parties are diverse only when the parties are "citizens of different states." *Id.*

　　　　The complaint asserts that the court has federal question jurisdiction under 28 U.S.C. § 1331.  Compl. at 5.  This is incorrect since Plaintiff brings only state law claims.  Further, based on documents filed with the California Secretary of State, it appears that Dukes Partners II, LLC may be a citizen of California.  Since Plaintiff alleges that he is also a citizen of California, it

appears that the court does not have diversity jurisdiction over this case. Accordingly, the parties are ordered to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

By September 7, 2021, each party (Plaintiff, Wells Fargo, and Dukes Partners) shall file one-page letter that sets forth any basis for the court's jurisdiction and specifically explains the citizenship of all parties. The hearing on Defendants' respective motions to dismiss in this case, and the Initial Case Management Conference, currently set for August 26, 2021, are vacated. The Initial Case Management Conference shall be rescheduled by the court later as deemed necessary.

**Defendants are ordered to immediately serve a copy of this order on Plaintiff and inform him of the order by phone or email, if possible. Defendants shall specifically notify Plaintiff that the hearing is vacated for this case only. The hearing in his other case,** *Mohanna v. Wells Fargo, N.A.***, No. 21-cv-3797, will still take place on August 26, 2021.**

**IT IS SO ORDERED.**

Dated: August 24, 2021

DONNA M. RYU
United States Magistrate Judge

2